Mr. Justice Clayton
delivered the opinion of the court.
This case was formerly brought to this court by an appeal; it was then dismissed, because the court held, that there is no mode of bringing the judgment of a judge on a writ of habeas corpus into this court, but by writ of error. Steele v. Shirley, 9 S. & M. 386. It is now brought up by writ of error, and it is insisted by the defendant in error, that there is no mode provided by law for the revision in this court of such cases, and that the decision of the judge below is final and conclusive. We held the reverse in this very case, and directed this very writ to issue. We shall not now hold differently. In Hardy v. Smith, 3 S. & M. 316, jurisdiction of a similar writ was entertained without objection. See also 5 S. & M. 345.
To proceed to the consideration of the merits. In his return to the writ of habeas corpus, Steele stated that he was the sheriff of Warren county, and that the negroes in question were taken into custody and committed to jail by him as sheriff, by virtue *201 of a fiat from the chancellor of the state, directing him to take said slaves and keep them until the defendant in a certain suit of R. L. Mathews v. James Shirley, should give bond to have said slaves forthcoming to abide the further order of the superior court of chancery. That he detained said slaves in custody until the jail fees amounted to $140, when the said Shirley produced an order from the said superior court of chancery, directing the release of said slaves. Steele states that he offered to deliver up said slaves, upon payment of the fees then due; that Shirley refused to pay said fees, and that he detained them, by virtue of his lien upon them, for the expenses thus incurred. He alleges his willingness to surrender them, upon the payment of what Avas due at the time of the said return, to Avit, $205.75. The circuit judge directed the delivery of fhe-slaves by Shirley.
The chancellor had jurisdiction of the case in which he made the fiat in question. It Avas the duty of the sheriff to obey his mandate. The question then arises, Avhether, in the language of the statute, these slaves “were taken out of the possession of the master or owner by force, stratagem or fraud, and unlawfully detained.” We think that the officer, so far from having taken the slaves by “force, stratagem or fraud,” only discharged a duty imposed upon him by the law. Under such circumstances, he cannot be said to detain them unlawfully, when he holds them to enforce the payment of fees allowed him by latv, for the services rendered, and the expenses incurred under the writ.
It Avould probably have been right and proper on the part of the sheriff, to have given up all the negroes, except one of sufficient value to pay the fees. But Ave can make no decision to that effect, because, in our vierv of the law, the facts did not authorize the proceeding by habeas corpus.
The judgment is reversed, and the petition dismissed, at the costs of the petitioner, both in this court, and upon the trial below.
Judgment reversed.
Judge Sharkey gave no opinion.